FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 AUG 28   A 10: 02

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| RICHARD MARTIN, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-15-2432 |
| MARYLAND COURTS, *et al.*, | * | |
| Defendants. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Richard Martin, a resident of Boston, Massachusetts, filed a personal injury action against the Montgomery County, Maryland judges who failed to dismiss criminal charges against him following his December 26, 2008 arrest in Montgomery County, Maryland. Martin, who is self-represented, filed this Complaint on August 6, 2015. ECF No. 1. He will be granted leave to proceed in forma pauperis because the financial affidavit accompanying his Complaint indicates that he has no source of income. ECF No. 2.

As a result of a criminal investigation and indictment, Martin pleaded guilty in Montgomery County Circuit Court to harassment and fourth degree burglary, for which he was sentenced to six months of incarceration.[1] While serving his sentence at the Montgomery County

---

[1] Martin notes that he was released after four months of incarceration. His probation ended in 2014. ECF No. 1 at 7–8. The case is not listed on Maryland's electronic docket. Exhibits provided with the Complaint suggest the case of *Maryland v. Richard Martin*, No. 112136, prosecuted in the Circuit Court for Montgomery County, Maryland, arose when a local dentist, Kim Hoa Lam, complained that Martin was stalking her. ECF Nos. 1-14 & 1-15.

Detention Center, Martin claims he was subjected to "a minor assault and some verbal abuse."[2] ECF No. 1 at 7. He blames his conviction and all "offensive contacts that [he] endured" from the time of arrest until his release from detention on three members of the Montgomery County, Maryland bench, and alleges that they are responsible for multiple torts, including assault, battery, defamation, false imprisonment, intentional infliction of emotional distress, and negligence. *Id.* at 16. He seeks $10 million in damages and the disbarment of the named judicial officers. *Id.* at 18.

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious or that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). In this context, this Court is mindful of its obligation to liberally construe the pleadings of pro se litigants, and notes that a plaintiff's allegations are assumed to be true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that a court can ignore a plaintiff's clear failure to allege facts that would set forth a cognizable claim; a pro se complaint "must still contain sufficient facts 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). This Court is therefore obligated to consider both the tort claims outlined in the Complaint, as well as examine whether the Complaint is sufficient to state a civil rights violation under 42 U.S.C. § 1983.

---

[2] Martin makes no claim of civil rights violations against the Maryland Courts or the three judges named in his Complaint.

Liberal construction of Martin's Complaint does not save it from early dismissal. The defense of absolute immunity extends to "'officials whose special functions or constitutional status requires complete protection from suit.'" *Goldstein v. Moatz*, 364 F.3d 205, 211 (4th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *See Stump v. Sparkman*, 435 U.S. 349, 355 (1978). Absolute immunity serves to benefit the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872)). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether, at the time the challenged action was taken, the judge had subject matter jurisdiction. *See id.* Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356–57. Clearly the adjudication of the criminal indictment against Martin, which resulted in a guilty plea, is judicial conduct. Thus, Martin's claims cannot proceed under § 1983.

Martin's other tort claims fare no better, as they are time-barred. Maryland's general

three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101. At the latest, Martin's claims against the judges would have accrued at the time of sentencing, which occurred on August 3, 2009. ECF No. 1 at 2. Martin's request for equitable tolling, ECF No. 1 at 2, based upon his inability to find an attorney to represent him in a civil action against Defendants, is unavailing.[3] Because Martin did not file the instant lawsuit before the limitations period expired, it is time-barred and cannot proceed.

Title 28 U.S.C. § 1915(e)(2) obligates federal courts to dismiss cases at *any time* if the action is legally frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. For the reasons stated, this case is subject to dismissal. Martin's request to file electronic pleadings, ECF No. 3, shall be denied as moot. A separate Order follows.

Dated: August 28, 2015

GEORGE J. HAZEL
United States District Judge

---

[3] Martin's statement regarding equitable tolling because he was "afraid" of what the police might do if he took action against them, ECF No. 1 at 2, is not relevant to his claims against members of Maryland's bench.